# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**FELIX PINEDA**                             **CASE NO. _____**

**VERSUS**

**K & F RESTAURANT #2, LLC and**
**K & F RESTAURANT #3, LLC**

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes plaintiff Felix Pineda, who respectfully submits this Complaint and alleges as follows:

### *Jurisdiction*

1.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

### *Venue*

2.

Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because the plaintiff was employed by defendants in this district and all of the overtime hours worked by the plaintiff occurred within this district.

### *The Defendants*

3.

Made defendants herein and liable unto Plaintiff are (1) K & F Restaurant #2, LLC and (2) K & F Restaurant #3, LLC, both Texas limited liability companies domiciled in Houston, Texas, and operating restaurants in Baton Rouge, Louisiana, including the two Baton Rouge locations where the defendants employed the plaintiff.

*Statement of Facts*

4.

Both defendants are restaurants doing business under the trade name "Izzo's Illegal Burritos."  They have common ownership and common management.

5.

The FLSA applies to the defendants' employment of the plaintiff.

6.

Defendants are the "employer" of plaintiff as that term is defined by the FLSA.

7.

Defendants hired plaintiff, directed his work, supervised him, and paid him an hourly wage.  At all times defendants had the power to hire and fire plaintiff.

8.

 Defendants are an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).  Specifically, defendants incorporate food products produced in various states into the meals sold at their restaurants.

9.

Defendants have annual revenues that exceed $500,000.00.

10.

Defendants employed plaintiff for over 10 years, until recently firing him in July 2021.  During that time, plaintiff consistently worked over 40 hours per week for defendants.  In an attempt to avoid their obligation to pay him overtime, defendants

employed the plaintiff between 30 and 40 hours at each of two different Baton Rouge locations. Plaintiff estimates that, between the two restaurants, he worked on average about 75 hours per week.

11.

As a restaurant kitchen worker, plaintiff was personally involved in interstate commerce, commonly handling goods, tools, and equipment manufactured in interstate commerce as part of his duties (stoves, kitchen utensils, tools, etc.).

12.

Section 207(a)(2)(C) of the FLSA mandates that non-exempt employees are entitled to overtime pay at a rate of no less than one and one-half times the employee's regular rate for all hours worked in excess of 40 hours per week.

13.

Despite the fact that the Plaintiff was a non-exempt employee under the Fair Labor Standards Act, he was never paid an overtime rate of one and one-half times his regular rate of pay for hours worked in excess of 40 hours per week. He was paid his regular hourly rate regardless of the number of hours he worked each week.

14.

Under the Fair Labor Standards Act, plaintiff is entitled to payment of additional wages at the rate of one and one-half times his regular rate of pay for all hours worked in excess of forty hours per week throughout the duration of his employment.

15.

The defendants knowingly and willfully violated the FLSA. Plaintiff is therefore also entitled to recover from defendant an equal sum as liquidated damages, together with

reasonable attorney's fees, legal interest, costs, as well as to such equitable relief as may be appropriate to effectuate the purposes of the Fair Labor Standards Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Felix Pineda prays for the following relief:

1. An award of damages as provided by the FLSA, including liquidated damages to be paid by defendants;

2. Reasonable attorney's fees, costs, and expenses of this action as provided by FLSA; and

3. Any other relief that this Court deems just.

Respectfully Submitted:

**ESTES DAVIS LAW, LLC**

/s/ Daniel B. Davis
Randall E. Estes, La. Bar Roll No. 22359
Daniel B. Davis, La. Bar Roll No. 30141
4465 Bluebonnet Boulevard, Suite A
Baton Rouge, LA 70809
Telephone: (225) 336-3394
Facsimile: (225) 384-5419
Email: dan@estesdavislaw.com
*Attorneys for Plaintiff, Felix Pineda*